UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11430-RWZ

STEPHEN HARRON and BIG TIME, INC.

v.

TOWN OF FRANKLIN, *et al.*

ORDER

June 8, 2010

ZOBEL, D.J.

Plaintiff Stephen Harron ("Harron") brings this 42 U.S.C. § 1983 lawsuit against the Town of Franklin, the Town's Administrator and Chief of Police, and certain other but unnamed public officials to vindicate his rights to due process and equal protection. He alleges that defendants refused to approve the transfer of a liquor license to his corporation, plaintiff Big Time, Inc., and that they acted negligently. Defendants move to dismiss.

I.  **Background**

Harron reached an agreement with Repsac, Inc., in early 2007 to purchase a tavern in Franklin, Massachusetts, and the associated liquor license.[1] The transfer of the liquor license was subject to the approval of the Franklin Town Council. See Mass. Gen. Laws. ch. 138, § 23. Plaintiffs opened "Franklin's Tavern" in May 2007 even

---

[1] The court takes as true all well-pleaded facts in the amended complaint. Vernet v. Serrano-Torres, 566 F.3d 254, 258 (1st Cir. 2009).

though the liquor license transfer was not yet approved.

Harron alleges that the Franklin Police thereafter engaged in a pattern of misconduct by parking police vehicles near the tavern, surveilling the tavern, conducting undercover investigations, and ultimately staging a raid on the tavern. He asserts that this misconduct culminated in the Franklin Town Council's failure in October and November of 2007 to approve the transfer of the liquor license from Repsac, and that the council's failure to act forced him to close Franklin's Tavern.

Repsac filed for bankruptcy on October 3, 2007, which complicated any sale of the company's liquor license during the Octpber - November 2007 period. Control over the liquor license passed to the trustee-in-bankruptcy, see id., and the sale of the estate's assets required approval from the bankruptcy court. The trustee did not move that court to allow a sale of the license to plaintiff, and in 2008 sold all of Repsac's assets, including the license, to a different purchaser.[2]

## II.   Analysis

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). The facts must allow the court to draw a reasonable inference that defendant is liable for the alleged misconduct. Id. A simple recitation of elements, or statements of legal conclusion, will not suffice. Id.

---

[2] Plaintiffs objected to the sale in the bankruptcy court and ultimately reached a settlement with the trustee. They raised no objection at the subsequent Town Council meeting where the license transfer was considered and approved.

### A. Due Process

The 14th Amendment includes both procedural and substantive protections. The former requires notice and a hearing when property interests are at stake; the latter prohibits outcomes that are outrageous and shock the conscience. See generally Amsden v. Moran, 904 F.2d 748, 753-54 (1st Cir. 1990). Harron fails to state either form of a due process claim. State law defines property interests, Licari v. Ferruzzi, 22 F.3d 344, 347 (1st Cir. 1994), and Massachusetts law expressly states that the holder of a liquor license has no property right in that license. Mass. Gen. Laws. ch. 138, § 23; see eVineyard Retail Sales-Mass., Inc. v. Alcoholic Beverages Control Comm'n, 882 N.E.2d 334, 338 (Mass. 2008). Harron, as a mere prospective holder, can claim no greater property interest in the license.

Harron also argues that the denial of the license violated his due process right to "freedom of enterprise." The Supreme Court has recognized a generalized right to choose one's field of employment, subject to reasonable government regulation. See Connecticut v. Gabbert, 526 U.S. 286, 291-92 (1999). The general right to choose one's field of employment is, however, far removed from the right to sell liquor at a specific restaurant, and Harron has identified no case holding that a refusal to license so particular a commercial activity implicates due process. Even assuming that Harron set forth such a right, he neither alleges that he requested and was denied a hearing prior to the October 3 Repsac bankruptcy nor sets forth facts that shock the conscience. See Pagan v. Calderon, 448 F.3d 16, 33 (1st Cir. 2006) (reasoning that "any permit or license denial, no matter how unattractive, that falls short of being truly

horrendous is unlikely to qualify as conscience-shocking") (internal quotation marks omitted). To the contrary, the complaint makes clear that plaintiffs were able to operate Franklin's Tavern for several months without a liquor license.

### B.    Equal Protection

Harron must allege facts indicating that (1) in comparison with others similarly situated (2) he was selectively treated on the basis of impermissible considerations such as race, religion, malice or bad faith. Barrington Cove Ltd. v. R.I. Hous. & Mortgage Fin. Corp., 246 F.3d 1, 7 (1st Cir. 2001). Neither element is adequately pled. In regards to the first element, the complaint contains only the bare allegation that "to the knowledge of Mr. Harron, the Town of Franklin had never before denied the transfer of a liquor license without the benefit of a hearing." (Amended Complaint ¶ 23.) In regards to the second element, he asserts that defendants acted in bad faith, but he alleges no direct evidence of ill motive and the proffered facts suggest no plausible basis for any selective, bad faith treatment. These allegations are not enough "to raise a right to relief above the speculative level." Bell Atl, Corp. v. Twombly, 550 U.S. 544, 555 (2007).

### C.    Negligence

Plaintiffs did not comply with the notice requirement of the Massachusetts Tort Claims Act and therefore cannot maintain their negligence claim against the Town of Franklin. Mass. Gen. Laws. ch. 258, § 4. Defendants Williams and Nutting, the Chief of Police and Town Administrator, were acting in the scope of their employment and cannot be sued for negligence. Id. at § 2.

### III.    Conclusion

Plaintiffs' motion to amend (Docket # 21) is ALLOWED.  Defendants' motion to dismiss (Docket # 8) is ALLOWED in respect to plaintiffs' amended complaint. Judgment may be entered dismissing the amended complaint.

|  |  |
|---|---|
| June 8, 2010 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |